UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Idris DEMIRTAS,<br><br>                         Petitioner,<br>v.<br><br>Christopher J. LAROSE, et al.,<br><br>                         Respondents. | Case No.: 25-cv-3295-AGS-BJW<br><br>**ORDER REQUIRING RESPONSE** |

Petitioner challenges his immigration detention. He seeks a writ of habeas corpus under 28 U.S.C. § 2241.

## HABEAS SCREENING

Petitioner Idris Demirtas need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id.*, Rule 1(b) (permitting use of those Rules to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

Demirtas, a "citizen of Turkey," "fled" "Turkey due to threats and physical violence against him for not being a member of the Muslim faith." (ECF 1, at 3.) Demirtas "entered the United States on December 6, 2022" to "seek asylum" and "was released on parole on December 15, 2022." (*Id*. at 2–3.) He "was given a five[-]year work permit dated December 22, 2022." (*Id*. at 3.) In "May 2025," Demirtas "received a letter dismissing his asylum" "without an interview." (*Id*. at 6.) Demirtas then began "the process for obtaining legal residency," because he is married to a U.S. citizen. On "November 19, 2025," Demirtas's immigration attorney received "a call-in letter by ICE" for Demirtas to "appear"

for an "interview" "less than 16 hours later." (*Id.*) When he "appeared at the interview," Demirtas "was then immediately taken into custody unlawfully without notice and an opportunity to be heard." (*Id.*)

This challenge has sufficient potential merit to warrant a response. Similar cases across California have been found to have a "likelihood of success on the merits" or have resulted in the writ being issued. *See, e.g.*, *Federico Navarro Perez v. Christopher LaRose, et al.*, No. 3:25-cv-02620-RBM-JLB, 2025 WL 3171742, at *1 (S.D. Cal. Nov. 13, 2025) (granting habeas petition for "Guatemalan national" who received "a mass email . . . stating that his parole would be terminated," attended a "required immigration court hearing," and was "detained by … ICE"); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1089, 1091, 1096 (E.D. Cal. 2025) (granting habeas and preliminary injunction for "noncitizen" who had been paroled and was then "taken into custody during a standard check-in at [an] ICE office"); *Salazar v. Casey*, No. 3:25-cv-2784-JLS-VET, 2025 WL 3063629, at *1 (S.D. Cal. Nov. 3, 2025) (granting habeas for a "national of Venezuela" who, when "responding to a 'call-in letter' from ICE" "was arrested" and re-detained").

## CONCLUSION

By **December 3, 2025**, respondents must answer the petition. Any reply by petitioner must be filed by **December 8, 2025**. The Court will hold oral arguments on the petition on **December 11, 2025**, at **10:00 a.m.**

Dated:  November 28, 2025

Hon. Andrew G. Schopler
United States District Judge